UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARNO KUIGOUA,<br><br>               Plaintiff,<br><br>           v.<br><br>SUZANNE AMBROSE, et al.,<br><br>               Defendants. | Case No. 2:26-cv-06114-PA-JDE<br><br>ORDER OF DISMISSAL |

## I.

## INTRODUCTION

On June 5, 2026, Arno Kuidous ("Plaintiff"), proceeding pro se, filed a Complaint for Declaratory and Injunctive Relief, asserting three claims under 42 U.S.C. § 1983, against Suzanne Ambrose, Jeff Macumber, and Monica Erickson, each an official of the State of California named solely in an official capacity ("Defendants"). Dkt. 1 ("Complaint").

The Court recently dismissed three other complaints filed by Plaintiff against state officials and/or private actors involved in 2019 State Personnel Board ("SPB") proceedings and related proceedings for failure to state a claim and/or for seeking relief against immune defendants. See Kuigoua v. Melby, et

1

al., 2:26-cv-04362-PA-JDE; Kuigoua v. Park, et al., 2:26-cv-04365-PA-JDE; Kuigoua v. Gavin Newsom, et al., 2:26-cv-04370-PA-JDE (collectively, "Prior Federal Actions").

As in the Prior Federal Actions, the Court takes judicial notice of the following California Court of Appeal rulings in cases filed by Plaintiff ("Prior State Appellate Cases"). In Kuigoua v. Park, 2025 WL 3139621 (Cal. Ct. App. Nov. 10, 2025), in an appeal by Plaintiff of a dismissal of malpractice claims he brought against his former attorney and his union relating to the 2019 SPB proceedings, the appellate court dismissed the appeal as frivolous because Plaintiff's arguments were "not coherent" and because he repeatedly cited "to legal authority that does not mention the proposition stated, stands for an opposite proposition, or does not exist at all," with the court providing "a small sample of the deceptive, incorrect, or irrelevant legal citations in [Plaintiff's] briefs," including several cases that "do not exist." Id. at * 2-4 (citations omitted). Further, roughly four months ago, in an unrelated case, a different California appellate court found Plaintiff "has cited three apparently nonexistent or miscited cases in his opening brief." Kuigoua v. Sacks, 2026 WL 673409, at *1, n.1 (Cal. Ct. App. Mar. 10, 2026). In addition, in another case, another state appellate court found Plaintiff "told two divergent stories: one to the agency, but a different one in court." Kuigoua v. Dep't of Veteran Affairs, 101 Cal. App. 5th 499, 501 (2024).

In this action, Plaintiff seeks what he characterizes as "prospective" declaratory and injunctive relief relating to a pending California State Workers' Compensation Appeals Board proceeding, Case No. ADJ10026969 ("Current State Proceeding"), set for trial on June 25, 2026, averring he "does not seek through this action to enjoin, supervise, review, reverse, or direct any . . . state-court proceeding." Complaint, ¶¶ 2, 84-94. In particular, Plaintiff appears to focus on the 2019 SPB proceedings that were the focus of the dismissed Prior

Federal Actions, seeking declarations and injunctions barring Defendants from using the outcome of the 2019 SPB proceeding in the Current State Proceeding. Id., ¶ 84, 86-91. Plaintiff describes the Current State Proceeding as a "remedial workers' compensation proceeding initiated by Plaintiff." Id., ¶ 7. Plaintiff avers that on April 9, 2026, an attorney for a California State agency "stated in substance" that Plaintiff could not be reinstated even were he to prevail in the Current State Proceeding because of the outcome of the 2019 SPB proceeding. Id., ¶ 4. Plaintiff alleges that the outcome of the 2019 SPB proceeding should not be used in other proceedings because "no state or administrative forum ever adjudicated whether the documented abandonment of Plaintiff's legal representation in the 2019 SPB proceeding . . . caused Plaintiff's dismissal and its continuing disqualifying consequences." Id., ¶ 5. Plaintiff complains that the "consequences of that unresolved no-forum structure are not speculative," because the 2019 SPB proceeding are being used in "efforts to declare Plaintiff a vexatious litigant and restrict his future court access." Id., ¶ 6. He also avers that the case presents a live case or controversy under Article III because the Current State Proceeding has a June 25, 2026 trial date, and "the dismissal-based reinstatement issue," the "dismissal-based state employment consequences," and the "closed-loop result" of his alleged inability to obtain judicial review of his malpractice/abandonment claims against his former counsel in the 2019 SPB case "remain[ ] live." Id., ¶ 13.

Plaintiff asserts three claims based on alleged Fourteenth Amendment violations. First, he alleges his due process rights are being violated in the Current State Proceeding by Defendants' "maintaining the position that Plaintiff's prior dismissal [in the 2019 SPB action] and related consequences may be treated as conclusive against him." Complaint, ¶ 66. Second, he asserts a due process violation by "the combined operation of established California state procedures—specifically the interlocking operations of the SPB

3

procedures" and the Current State Proceedings "constitutes a systematic procedural deprivation." Id., 70. Third, Plaintiff asserts a "backward-looking" claim for denial of access to courts stemming from his alleged "abandonment" by his counsel in the 2019 SPB proceeding and the "combined operation of interlocking jurisdictional and remedial rules that together closed every available forum without reaching the merits." Id., ¶ 76.

**II.**

**STANDARD OF REVIEW**

Federal courts are courts of limited jurisdiction. See Gunn v. Minton, 568 U.S. 251, 256 (2013). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes of the Colville Rsrv., 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting federal jurisdiction bears the burden of proving his case is "properly in federal court." See In re Ford Motor Co. / Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001).

Rule 12(h)(3) of the Federal Rules of Civil Procedure directs, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Scholastic Ent., Inc. v. Fox Ent. Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003); see also Rule 12(h)(3).

Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted). In addition, although leave to amend is

4

normally liberally granted, if it is "absolutely clear that no amendment can cure the defect," even pro se pleadings may be dismissed without leave to amend. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.

## DISCUSSION

As noted, Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and contains three elements: (1) the plaintiff must have suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the challenged conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992); see also DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006).

For injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a "'concrete and particularized' legal harm, . . . coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" Canatella v. California, 304 F.3d 843, 852 (9th Cir. 2002) (as amended) (citations omitted). To satisfy the plaintiff's burden, the "threatened injury must be certainly impending to constitute injury in fact, and . . . [a]llegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (citation and internal quotation marks omitted). Relatedly, the question of ripeness, which is drawn from both Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction, is "designed 'to separate matters that are premature for review because the injury is speculative and may never occur from those cases

that are appropriate for federal court action.'" Stockton v. Brown, 152 F.4th 1124, 1142 (9th Cir. 2025) (citation omitted).

Plaintiff bears the burden of proving his case is properly in federal court. See In re Ford Motor Co. / Citbank (S.D.) , N.A., 264 F.3d at 957. Further, this "court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W., Inc., 873 F.2d at 1225. Lastly, per Rule 12(h)(3), the Court must dismiss the action if it determines it lacks subject matter jurisdiction.

Plaintiff contends the case presents a live Article III case or controversy because: (1) an opposing lawyer in the Current State Proceedings set forth his position two months ago, "in substance," that Plaintiff, even were he to prevail in those proceedings, could not be reinstated due to the outcome of the 2019 SBP proceedings, proceedings Plaintiff contends violated his due process rights because his lawyer "abandoned" him before trial; and (2) "Defendants and litigants" in the Current State Proceedings are relying on the SBP proceedings and findings in other proceedings "to seek or support vexatious-litigant restrictions against Plaintiff."

Plaintiff has not alleged he has standing, part of the core inquiry in assessing whether a live case or controversy exists, because he does not plausibly allege: (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. See Lujan, 504 U.S. at 560-61; DaimlerChrysler Corp, 547 U.S. at 342. Nor has he plausibly alleged, as he must to seek injunctive relief, that he has suffered or is threatened with a "'concrete and particularized' legal harm, . . ." (Canatella, 304 F.3d at 852), nor has he plausibly alleged that the "threatened injury [is] certainly impending to constitute injury in fact . . . . [as opposed to a]llegations of possible future injury [which] are not sufficient."

6

Clapper, 568 U.S. at 409. Nor, for the consideration of ripeness, has Plaintiff plausibly alleged anything beyond an alleged "'injury [that] is speculative and may never occur.'" Stockton, 152 F.4th at 1142.

In essence, Plaintiff complains about: (1) an argument one lawyer made, one time, two months ago, about what might happen if Plaintiff wins the Current State Proceeding; and (2) litigants relying on the SBP proceedings, among several other proceedings, in seeking to have Plaintiff deemed a vexatious litigant. Plaintiff's arguments of harm are speculative, hypothetical, and conditional. As to the lawyer's argument, it is simply a lawyer advising an adjudicator what position the lawyer would take if Plaintiff succeeded in the Current State Proceedings. As to the vexatious litigant proceedings, the 2019 SPB proceeding is one of several proceedings on which "litigants" rely in seeking such a designation for Plaintiff; those other proceedings including some of the Prior State Appellate Cases noted above, in which courts found Plaintiff made "frivolous" and "not coherent" arguments based on "deceptive, incorrect, or irrelevant legal citations," including several cases that "do not exist," and "told two divergent stories" to different adjudicators at different times. Further, in each situation, the adjudicators have not decided the issues and Plaintiff offers only conjecture as to how the adjudicators would rule.

Thus, Plaintiff offers only hypothetical, speculative future "injury" that may never occur and he has not plausibly alleged that his alleged injury would be redressed by a favorable ruling here. As to that final point, Plaintiff's claims are based on the initial premise that his attorney's "abandonment" of him in the 2019 SPB proceedings violated his civil rights; yet this Court has found, as matter of law, that his attorney's alleged conduct did not violate Plaintiff's civil rights. Kuigoua v. Park et al., 2:26-cv-04365-PA-JDE, Dkt. 12, 13. As such, Plaintiff has not and cannot plausibly allege that his speculative allegations herein will be redressed in a way favorable to him.

As noted, a pro se litigant is typically given leave to amend unless it is absolutely clear that pleading deficiencies cannot be cured by amendment. Lucas, 66 F.3d at 248. But if, after careful consideration, it is absolutely clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See, e.g., Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Here, after careful consideration, it is absolutely clear that the basic flaw cannot be cured by amendment. As such, further leave to amend is not warranted.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court lacks subject matter jurisdiction over the claims asserted in the Complaint. As such, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Therefore, IT IS HEREBY ORDERED THAT this action is DISMISSED without prejudice and Judgment shall be entered accordingly.

Dated:  June 8, 2026

_____
PERCY ANDERSON
United States District Judge

8